Charles S. Whitman, Jr., J.
The plaintiff shipped by freight, a carton containing 32 dozen pairs of earrings of a wholesale value of $285, and 4 dozen pairs of cufflinks of a wholesale value of $27. The carton was delivered to a freight forwarder who in turn delivered it to the railroad. The carton was never delivered to the consignee. The freight forwarder and the railroad will be described collectively as “ the carrier ”.
The contents of the carton were described by the plaintiff as “ notions ” and sent subject to that freight classification. The carrier maintains that the carton contained “jewelry”. It is admitted that jewelry is not accepted for shipment under the terms of the carrier’s freight classification rules. In the event that this shipment constitutes “jewelry”, I hold that the bill of lading exonerates the carrier from liability in these premises.
The decision of the case, therefore, hinges on the determination as to whether these earrings and these cufflinks constituted “ jewelry ” or “notions”. It is significant that the freight classification books which were produced in court have no definitions of the words “ jewelry ” and “ notions ”, and thus these words are used in their normal sense and with their usual connotations. All dictionary definitions of the word “ jewelry ” that have been brought to my attention seem to emphasize two components of meaning: value and adornment. Articles" of jewelry appear to be used mostly for adornment, but the dictionary also stresses the presence of precious stones, metals or specially valuable craftsmanship. The description of the earrings and cufflinks which was made in court, and the fact that these items appear to have a wholesale value of less than a dollar a pair, negative in my mind the presence of precious stones, precious metals or particularly valuable craftsmanship. It is true that earrings would seem to be exclusively articles of adornment. Jewelry is also an adornment, but not every adornment is a jewel.
It is particularly significant that the freight classification rule forbidding the acceptance of jewelry has this sentence as its heading: “Property of extraordinary value not accepted.” Furthermore, the carrier’s expert (a member of the committee which sets freight rates) stated that jewelry was not considered suitable for shipment by freight because of the relatively high value of physically small objects constituting an invitation to pilferage. The carrier itself apparently considers the value element in the definition of jewelry.
Sometime after the shipment in question, the freight classification book was amended so that the word “jewelry” is now followed by the following phrase: ‘ ‘ Including costume or *930 novelty jewelry ”. Whether this amendment was intended to clarify the original meaning of the term jewelry as used in the book or to change the meaning of the word is doubtful. I think a strong argument could be made for either interpretation. In any case, I have to consider the word “ jewelry ” as used alone at the time this shipment was made.
Because of the low value of these articles and because of the lack of any precious stones, precious metals or extraordinary craftsmanship, I hold that these earrings and cufflinks do not constitute “jewelry”. I find further that the articles can properly be described as 1 ‘ notions ’ \
Judgment for plaintiff against defendant and third-party plaintiff for $312 plus interest from March 30, 1956, and judgment over in favor of third-party plaintiff against third-party defendant for $312 plus interest from March 30,1956.